## THE JOHN F. TOLLE.[*]

*(Circuit Court, E. D. Louisiana. June, 1881.)*

ADMIRALTY—COLLISION.

> In a case of collision, a steam-boat is clearly in fault in not having a licensed pilot at the wheel, and a proper officer in charge, on watch, and in not being in her place in the river.

Admiralty Appeal.

*Charles B. Singleton* and *Richard H. Browne,* for libellants.

*J. Ad. Rozier,* for claimants.

PARDEE, C. J. This cause came on to be heard on the transcript of the record from the district court of the United States for this district, and was argued by counsel; on consideration, whereof the court, being fully advised in the premises, finds the following conclusions of fact:

1. The steam-boat Bill Henderson, of about 93 tons burden, of which libellants, W. J. Cooley, Lyman I. Taylor, L. W. Bowen, and George L. Short were owners, and said W. J. Cooley, master, departed on or about February 17, 1876, from the Tensas river, bound on a voyage to the port of New Orleans, with a cargo of cotton seed and seed cotton. The said Henderson was built in the year 1861, and,

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

with her machinery and furniture, cargo, personal effects, etc., was worth about the sum of $5,038.

2. That the said Henderson was manned with one captain, also licensed to act as pilot, and one engineer, one acting unlicensed pilot, and sufficiency of other officers and men. That Cuney, acting pilot of the Henderson, was not licensed, his former license having expired some eight months previously and not renewed.

3. That the said Henderson proceeded on her voyage without accident until about 3 A. M. of the eighteenth day of February, when, in the vicinity of Port Hickey, in the Mississippi river, about two miles below Port Hudson, she collided with the steam-boat John F. Tolle, from the effects of which the Henderson soon after sunk and became a total loss.

4. That opposite Port Hickey there is a point of considerable sharpness, the river there making a turn of nearly a right angle, and below a bar and eddy on the same side, of nearly three-quarters of a mile in length, extending out in the river about 400 feet; the river at that place being about one mile wide.

5. That the Henderson rounded the said point, and while under the same she was signaled by the John F. Tolle with two sounds of the steam-whistle, which were promptly answered by the Henderson. At this time the John F. Tolle was ascending the river on the west side, about three-fourths of a mile below the said point, but was further out in the river than the Henderson.

6. That the said signals so given and answered indicated that the said boats were to pass each other by the larboard, and were proper signals under the rules of navigations as the boats then stood.

7. That, following the said signals, each boat kept straight ahead until the pilot of the Tolle, seeing the near approach of the Henderson, stopped his engines and commenced backing his boat. The Henderson kept her course descending the river, approaching the Tolle, still nearer to the western bank than the Tolle, until, when within about 75 yards, she turned her head towards the middle of the river to pass, as she should, on the outside, but too late; her own headway and the current swept her against the Tolle, broadside, breaking her hull, filling her with water, and sinking her as far as her cargo would permit.

8. That at the time of the collision the Henderson had no licensed and qualified officer on watch, nor any licensed and qualified pilot on watch, and she was about 100 yards from the west bank of the river, and had followed near that bank after turning the point, and after

the passing signals had been given by the Tolle and answered by the Henderson.

9. That the John F. Tolle, prior to and at the time of the collision, was properly officered and manned, having a licensed officer on deck in charge, a licensed pilot at the wheel, and watches duly set on the lookout, and her lights properly set and screened.

10. That the course of the Tolle, after passing the chute on the right of Prophet's island, was across the river to the west bank, and along that bank within a distance of 100 to 200 yards from shore, and so continued up to the collision.

11. That before the collision, when the boats were approaching and near to each other, the engines of both boats were stopped, and the engines of the Tolle were set to backing, but neither boat had lost heading when the collision occurred.

And, as conclusions of law, the court finds:

1. The Henderson was clearly in fault in not having a licensed pilot at the wheel and a proper officer in charge on watch, and in not being in her proper place in the river.

2. The John F. Tolle was not in fault, as she was properly officered and piloted, and was in her proper place in the river as the ascending boat, and according to the signals given and answered.

3. The libel should be dismissed, with costs.